## (October 12, 1971)

■ SAMUEL DONATO, as Administrator of the Estate of LOIS DONATO, Deceased, et al., Appellants, v. ELI LILLY AND COMPANY, Respondent, et al., Defendants.— Order, Supreme Court, New York County, entered on April 1, 1971, denying plaintiffs' motion to vacate or modify respondent's demand for production and inspection of documents, unanimously modified, without costs and without disbursements, in accordance with the following memorandum, and otherwise affirmed. The action is for damages arising from the death of plaintiff's intestate alleged to have been caused by negligence and breach of warranty by respondent in its manufacture and marketing of a medicine. The demand for discovery is made pursuant to CPLR 3120 and° section 660.11 of the Supreme Court Rules for New York and Bronx Counties (22 NYCRR 660.11). Paragraphs 1 and 2 of the demand call for the production of specified reports of physicians who neither examined nor treated the decedent. Paragraph 4 seeks production of "reports of all physicians or other experts whose testimony will be offered at the trial". No circumstances are shown relieving respondent from the proscription of disclosure of such reports contained in CPLR 3101 (subd. [d]) nor does section 660.11 of the Rules require the exchange of reports of other than examining or treating physicians. The motion should have been granted to the extent of striking from the demand the requirement for production of reports of physicians who neither treated nor examined the decedent and reports of other experts prepared for litigation. (*Edelman* v. *Holmes Private Ambulances,* 32 A D 2d 563; *Freiman* v. *Miller,* 28 A D 2d 1126; *Silberberg* v. *Hotpoint Division of the Gen. Elec. Co.,* 23 A D 2d 754.) Concur — Markewich, J. P., Kupferman, Murphy, Steuer and Macken, JJ.

■ MILLEN INDUSTRIES, INC., Respondent, v. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, Appellant, et al., Defendants.— Order, Supreme Court, New York County, entered on June 29, 1971, unanimously modified, on the law, without costs and without disbursements, to limit discovery to those reports which were prepared and received by defendant prior to its rejection of the claim. As so modified, the order is affirmed. This is an action on an insurance policy insuring plaintiff against dishonest acts of its employees. Defendant employed several independent investigators in regard to the claim. It is their reports that are sought to be discovered. It is undeniable that the payment or rejection of claims is a part of the regular business of an insurance company. Consequently, reports which aid it in the process of deciding which of the two indicated actions to pursue are made in the regular course of its business. However, once it has rejected the claim, reports made to it to aid in the resistance of the claim are made for the purposes of litigation and are protected by CPLR 3101 (subds. [c], [d]). Concur — Markewich, J. P., Kupferman, Murphy, Steuer and Macken, JJ.