MOLD MAINTENANCE SERVICE, Respondent, v GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, LTD., Appellant.

Fourth Department, February 18, 1977

*Bayer, Dupee & Smith (Scott H. Smith* and *Gary H. Abelson* of counsel), for appellant.

*Webster & Chase (Lawrence D. Chase* of counsel), for respondent.

WITMER, J. The question presented on this appeal is whether Special Term erred in denying the motion of defendant, General Accident Fire and Life Assurance Corporation, for a protective order against plaintiff's notice to examine it before trial and in connection therewith for defendant to produce for discovery and inspection an investigation report made by an expert employed by defendant with respect to the loss claimed by plaintiff to be covered by defendant's insurance policy. Defendant contends that the report is privileged material under CPLR 3101 (subd [d]), prepared in expectation of litigation. A brief statement of chronology of events is in order.

Plaintiff's loss occurred on January 21, 1975, and on January 24 plaintiff notified defendant thereof. Defendant employed an independent adjuster to handle the matter. On February 4 defendant received a report from the adjuster, and on February 28 defendant's claims adjuster viewed plaintiff's property. Defendant then authorized the independent adjuster

to hire a heating expert, Jamison-Schindler Corporation, to examine the property and report. On March 10 defendant received the Jamison-Schindler report. On April 8, 1975 plaintiff filed its proof of loss with defendant. On May 19, 1975 defendant rejected the proof of loss as excessive and questioned its liability because of the origin of the loss. A month later, on June 17, defendant formally disclaimed liability; and this action was begun on December 15, 1975.

Defendant contends that hiring an expert to determine the origin of the loss was not a usual procedure, and that such action demonstrates that at that time it was anticipating denial of coverage, and hence that the report is privileged.

Upon the documents before it, Special Term found that at the time defendant hired expert Jamison-Schindler, defendant was not contemplating litigation, and at such time defendant was uncertain of its position in the matter and was still attempting to determine whether its policy covered plaintiff's loss. We agree. There is nothing in the record to show that at such early stage, in February and March, defendant had any reason to question the propriety of the expected claim. For defendant to assert that it was contemplating disclaiming, before ascertaining the facts, would indicate bad faith on its part, and there is no basis in this record for us to ascribe to defendant such manner of business operation. We, therefore, conclude that defendant employed Jamison-Schindler as a step in its investigation of plaintiff's loss. In this respect *Kent v Maryland Cas. Co.* (25 AD2d 653), relied upon by defendant, is to be distinguished, for there the company had substantial bona fide reasons to investigate the legitimacy of the loss, and demonstrated it.

The burden to establish that the material sought is privileged is upon the one asserting it *(Koump v Smith,* 25 NY2d 287; *Dikun v New York Cent. R.R. Co.,* 58 Misc 2d 439, 441 [SIMONS, J.], affd 31 AD2d 719). In our view, defendant has not carried that burden. It received its expert's report within a month and a half after the loss, a month before plaintiff filed its proof of loss, two months before it made tentative rejection of the claim, and three months before it made formal rejection thereof. Clearly its acts in February and March were investigatory, made in the normal course of business.

With respect to the facts observed by the expert and contained in the report, the law authorizes discovery of them insofar as they are material and necessary to the issues in the

case *(Kraus v Ford Motor Co.,* 38 AD2d 680; and see *Kenford Co. v County of Erie,* 55 AD2d 466), and this is particularly applicable here where the facts can no longer be ascertained by an inspection of the premises *(Wasmuth v Hinds-Toomey Auto Corp.,* 39 AD2d 723).

Moreover, as between defendant insurer and its insured, plaintiff herein, the expert's report, obtained by defendant in the normal course of business and prior to the presentation and rejection of the proof of loss, as well as prior to litigation or the reasonable, good faith expectation of litigation, is completely subject to discovery and inspection by plaintiff insofar as it is material to the issues in this case *(Millen Ind. v American Mut. Liab. Ins. Co.,* 37 AD2d 817; *Welch v Globe Ind. Co.,* 25 AD2d 70; *Dikun v New York Cent. R. R. Co.,* 58 Misc 2d 439, affd 31 AD2d 719, *supra; Colbert v Home Ind. Co.,* 45 Misc 2d 1093, affd 24 AD2d 1080; *Collins v Jamestown Mut. Ins. Co.,* 56 Misc 2d 964; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3101, C3101:32, pp 36-37).

We do not hold that in every case the report of an expert, employed by a defendant to investigate a claim of loss, is discoverable merely because litigation has not been instituted (see *Kent v Maryland Cas. Co.,* 25 AD2d 653, *supra).* We do hold that in the absence of a bona fide showing that defendant had reasonable grounds for disclaiming and so employed an expert in preparation for expected litigation, the report is not privileged as against defendant's insured.

A case of this nature is to be distinguished from one involving liability insurance, where the insurer is protecting its insured against claims of third persons (see *Kandel v Tocher,* 22 AD2d 513, 516, 518).

The order of Special Term should, therefore, be affirmed.

MOULE, J. P., CARDAMONE, SIMONS and DILLON, JJ., concur.

Order unanimously affirmed, with costs.