■ BUY FOR LESS WINE & LIQUORS, INC., Appellant, v COMMERCIAL UNION INSURANCE CO., Respondent.—In an action on an insurance policy, plaintiff appeals from an order of the Supreme Court, Suffolk County, dated October 4, 1977, which denied its motion for renewal (which Special Term denominated a motion for reargument) of its cross motion to strike defendant's answer because of defendant's failure to respond to interrogatories. (By order of the same court, dated July 29, 1977, the cross motion was denied and, on defendant's motion to vacate, the court struck certain interrogatories.) Order reversed, on the law, without costs or disbursements, motion to renew granted and, upon renewal, cross motion to strike defendant's answer granted, unless defendant responds to Interrogatories Nos. 4b, 5, 6f, 7g, 10, 13b and 13c. Defendant's time to respond to the said interrogatories is extended until 20 days after service upon it of a copy of the order to be made hereon, together with notice of entry thereof. In the event defendant complies, then, upon renewal, plaintiff's cross motion denied. In an action on a fire insurance policy, investigation reports of experts employed by the insurer are not material prepared for litigation (see CPLR 3101, subd [d]) and are subject to disclosure, unless (as is not the case here) the insurer had previously rejected the claim or had made a firm decision to do so (see *Mold Maintenance Serv. v General Acc. Fire & Life Assur. Corp.,* 56 AD2d 134; *Millen Ind. v American Mut. Liab. Ins. Co.,* 37 AD2d 817). Martuscello, J. P., Shapiro, Cohalan and Margett, JJ., concur.

■ ARLENE L. CONSTABLE, Individually and as Mother and Natural Guardian of TASHA CONSTABLE, an Infant, Respondent, v CLIFFORD L. DAYTON et al., Appellants.—In a negligence action, defendants appeal from an order of the Supreme Court, Orange County, entered August 26, 1977, which denied their motion for summary judgment. Order reversed, on the law, without costs or disbursements, and motion granted. On the present record, there is no evidence to indicate that defendants' dog was the cause of injuries to the infant plaintiff. Accordingly, no triable issue of fact is presented. Gulotta, J. P., Shapiro, Cohalan and O'Connor, JJ., concur.

■ JOHN DE FELICE, an Infant, by His Father ARTHUR DE FELICE, Plaintiff, v HOWARD A. ENGLISH, Defendant and Third-Party Plaintiff-Respondent. ST. JOHN'S EPISCOPAL HOSPITAL, Third-Party Defendant-Appellant. —In a medical malpractice action, the third-party defendant appeals from an order of the Supreme Court, Kings County, dated November 15, 1977, which denied its motion for summary judgment dismissing the complaint of the third-party plaintiff. Order affirmed, with $50 costs and disbursements, upon the opinion of Mr. Justice Monteleone at Special Term. We disapprove of the holding in *Pigno v Bunim* (NYLJ, Sept. 8, 1977, p 12, col 2) insofar as it is contrary to the reasoning at Special Term herein. Damiani, J. P., Suozzi, Rabin and Hawkins, JJ., concur. [91 Misc 2d 1109.]