SECOND DEPARTMENT, OCTOBER, 1978

(October 12, 1978)*

■ FRANCIS PIGNO, an Infant, by His Guardian ad Litem, VINCENT PIGNO, Respondent, v LOUIS BUNIM et al., Respondents, and ISRAEL L. SCHMIERER, Defendant and Third-Party Plaintiff-Appellant. MAIMONIDES HOSPITAL et al., Third-Party Defendants-Respondents.—Motion by defendant Schmierer for summary reversal of an order of the Supreme Court, Kings County, dated October 4, 1977, on the ground that in the case of *De Felice v English* (63 AD2d 976) this court disapproved of the holding by Special Term resulting in the order now on appeal. In *De Felice, supra,* this court stated: "We disapprove the holding in *Pigno v Bunim* (NYLJ, Sept. 8, 1977, p 12, col 2) insofar as it is contrary to the reasoning of Special Term herein." In the *De Felice* case, the third-party defendant St. John's Episcopal Hospital moved for summary judgment dismissing the third-party complaint of a Dr. Howard A. English upon the ground that another action by the plaintiff De Felice against the hospital itself had resulted in a defendant's verdict and that this determination should collaterally estop English from seeking indemnity or contribution from it for the plaintiff's injuries. Special Term held that since English was not a party to the suit between the main plaintiff and the third-party defendant hospital, he was not bound by the result therein. In the instant case Special Term granted a motion to dismiss a cross claim asserted by a third-party defendant, the estate of a Dr. Samuel Pennell (Pennell), against the third-party defendants Bunim and Maimonides Hospital. The dismissal of Pennell's cross claim was premised upon the fact that in a prior trial and appeals in this case it had been determined that the defendant hospital and the defendant Bunim were not liable to the plaintiff Pigno *(Pigno v Bunim,* 43 AD2d 718, affd 35 NY2d 841). Since Bunim and the hospital had been found not liable to the main plaintiff, Special Term held, *inter alia,* that Pennell's cross claim for indemnity against those parties could not stand. This was despite the fact that Pennell was not a party to this action at the time of the earlier trial and appeals. In *De Felice, supra,* we disapproved the decision in this case only insofar as it held that Pennell was bound by the result of a prior trial held before he was made a party to the action (see *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65). This motion for summary reversal must be denied because the movant, Schmierer, was a party at the time of the prior trial

---

* Not published with other decisions of October, 1978, 65 AD2d 546. [Rep.

and, therefore, our holding in *De Felice* does not apply to him. Damiani, J. P., Suozzi, Rabin and Hawkins, JJ., concur.