## (December 18, 1978)

JACOB W. ABRAHAM, as Assignee for the Benefit of Creditors of J. G. V. ASSOCIATES, INC., Appellant, v HANOVER INSURANCE COMPANY, Respondent.—In an action on a fire insurance policy, plaintiff appeals from an order of the Supreme Court, Dutchess County, dated March 6, 1978, which granted defendant's motion for a protective order vacating certain of plaintiff's interrogatories because they sought material prepared exclusively for litigation. Order modified by deleting therefrom the provision which granted defendant's motion as to subdivision (c) of Interrogatory No. 8 and substituting therefor a provision denying the motion as to subdivision (c) of Interrogatory No. 8 insofar as it applies to eyewitnesses, if any, to the occurrence and otherwise granting the motion as to said interrogatory. As so modified, order affirmed, without costs or disbursements. In this action to collect the proceeds of a fire insurance policy, respondent has interposed an arson defense. Within hours after the fire, respondent learned that the police and fire officials considered it to be suspicious in origin. Aware that the insured had recently substantially increased its coverage, respondent hired a special arson investigator the day after the occurrence and retained counsel approximately one week later. A final disclaimer was not issued until after an examination of the principals of the insured and the submission by the insured of a demand for payment. Under these circumstances the items sought to be discovered in the interrogatories objected to were privileged because they were prepared exclusively in anticipation of litigation (see *Seaview Chef v Transamerica Ins. Co.,* 61 AD2d 1043; *Foremost Ins. Co. v 3 Grace Ave.,* 58 AD2d 590). All that is discoverable is the names of eyewitnesses to the fire (see *Zellman v Metropolitan Transp. Auth.,* 40 AD2d 248). The assignee's rights are no greater than those of the assignor (see *Matter of International Ribbon Mills [Arjan Ribbons],* 36 NY2d 121) and the assignor, who remained in possession of the premises for a period of time after the fire, had an adequate opportunity to conduct an investigation pertinent to the origin of the fire. Injustice or undue hardship does not therefore provide a basis for permitting discovery. Cohalan, J. P., Margett and O'Connor, JJ., concur.

Hawkins, J., dissents and votes to affirm the order on the opinion of Mr. Justice Jiudice at Special Term.