**CAROL A. ROSSI, Respondent, v HARTFORD FIRE INSURANCE COMPANY et al., Appellants.**—In an action on a fire insurance policy, the defendants appeal from an order of the Supreme Court, Westchester County, entered May 22, 1979, which granted the plaintiff's motion to strike their answer unless they complied with an interrogatory relating to investigative reports which defendants claimed were immune as material prepared for litigation. Order modified by adding thereto a provision granting defendants a protective order with respect to any and all material obtained subsequent to the report dated May 31, 1977. As so modified, order affirmed, without costs or disbursements. Defendants' time to comply is extended until 10 days after service upon them of a copy of the order to be entered hereon, together with notice of entry thereof. The loss occurred May 27, 1977. Defendants received an independent adjuster's report dated May 31, 1977 which stated that the "Fire has been determined by local authorities as unquestionable arson". Defendants consequently had "bona fide" reason "to investigate the legitimacy of the loss" (see *Seaview Chef v Transamerica Ins. Co.,* 61 AD2d 1043, and cases cited therein), and any reports and investigations subsequently obtained were prepared for litigation. To the extent that the interrogatory with which compliance was required by Special Term was not limited to material obtained prior to the time when defendants had evidence that the fire was of suspicious origin, they are entitled to a protective order. The independent adjuster's report stating that the fire had been determined to be arson is evidence that the fire was of suspicious origin (see *Seaview Chief v Transamerica Ins. Co., supra).* Hopkins, J. P., Titone, Mangano and Gulotta, JJ., concur.

**PAUL SHERBAK et al., Respondents, v FRANCIS E. DOUGHTY, Appellant.**—In an action to recover damages for legal malpractice and the intentional infliction of emotional distress, defendant appeals from a judgment of the Supreme Court, Dutchess County, entered June 6, 1978, upon a jury verdict, which was in favor of plaintiffs and against him. Judgment reversed, on the law, without costs or disbursements, the cause of action alleging the intentional infliction of emotional distress is dismissed and a new trial is granted as to the cause of action for legal malpractice with respect to the issue of damages only, unless, within 20 days after entry of the order to be made hereon, plaintiffs shall serve and file in the office of the clerk of the trial court written stipulations consenting to reduce the verdict in their favor to $7,500, in which event, the judgment, as so reduced and amended, is affirmed, without costs or disbursements. Although the evidence adduced at trial supports a jury verdict for legal malpractice against defendant, an attorney, who undertook to represent both sides in a real estate transaction and then took actions inimical to plaintiffs' interests, including the institution of a lawsuit against them, his actions were not so outrageous or extreme as to warrant a judgment for the intentional infliction of emotional disturbance (see *Drago v Buonagurio,* 46 NY2d 778; *Fischer v Maloney,* 43 NY2d 553). The jury's verdict of $30,000 with respect to the malpractice action was excessive. Accordingly, a new trial on the issue of damages only is required unless plaintiffs agree to accept $7,500 as a fair and proper evaluation of damages suffered. Damiani, J. P., O'Connor, Lazer and Rabin, JJ., concur.