■ ANGELA YANNICK, as Administratrix, Respondent, v TUBE CITY IRON AND METAL COMPANY, Appellant, et al., Defendant. (And a Third-Party Action.) CONSOLIDATED NATIONAL AMERICAN GROUP, Appellant.—In a wrongful death action, defendant Tube City Iron and Metal Company and non-party witness Consolidated National American Group (CNA) appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County, dated November 15, 1979, as, upon plaintiff's motion to compel discovery, directed the production of certain correspondence, checks and surveys in the possession of CNA. Order modified by deleting subdivision "(C)" of decretal paragraph "1" thereof, and substituting therefor the following: "(C) All surveys, inspections, correspondence and reports theretofore delivered by it to the defendant Tube City Iron and Metal Company, and all records and correspondence, if any, received by it from said defendant prior to February 7, 1972, relating to the state of repair or structural condition or any defects in the condition of the aforesaid pier while insured by CNA." As so modified, order affirmed insofar as appealed from, with one bill of $50 costs and disbursements payable to plaintiff. One issue on this appeal is whether the materials to be produced, as set forth in the notice of motion, were overly broad. We hold the order compelling production was overly broad to the extent indicated above. The primary issue on this appeal is whether the materials which Special Term required to be disclosed should have been conditionally immune from disclosure as material prepared for litigation under CPLR 3101 (subd [d]). The burden of demonstrating an immunity from disclosure is on the party asserting the immunity *(Koump v Smith,* 25 NY2d 287). Since appellants' affidavits give no indication of when, if ever, CNA rejected or decided to reject Tube City's related property damage claim, appellants have failed to meet their burden of demonstrating that the subject materials were prepared for the purpose of litigation. (See *Chemical Bank v National Union Fire Ins. Co. of Pittsburgh, Pa.,* 70 AD2d

---

837; *Mold Maintenance Serv. v General Acc. Fire & Life Assur. Corp.*, 56 AD2d 134; *Millen Inds. v American Mut. Liab. Ins. Co.*, 37 AD2d 817.) Hopkins, J. P., Lazer, Gibbons and Weinstein, JJ., concur.