■ NEW ENGLAND SEAFOODS OF AMHERST, INC., et al., Respondents, v TRAVELERS COMPANIES et al., Appellants. — Order modified in accordance with

memorandum and, as modified, affirmed, without costs. All concur, Cardamone, J. P., not participating. Memorandum: Defendants, Travelers Companies and Charter Oak Fire Insurance Company, appeal from an order at Special Term which directed them to supplement their bill of particulars or be precluded from offering proof in support of the affirmative defenses which they alleged. The order appealed from also compelled defendants to produce certain documents for plaintiffs' discovery and inspection. The underlying action for an alleged breach of an insurance contract arose as a result of an October 26, 1977 fire on plaintiffs' premises which were insured by the defendant insurance companies. Plaintiffs' complaint alleges a $164,715 loss. Defendants in a joint answer set forth three affirmative defenses which resulted in plaintiffs' demand for a bill of particulars and notice to produce. A bill of particulars is used to amplify the pleadings, limit the proof and prevent surprise at trial. A party is required to give particulars only as to those matters upon which it has the burden of proof (*Calabrese v Caldwell Dev. Corp.*, 63 AD2d 834; *Anthony v Tops Supermarket*, 54 AD2d 602; *Bounds v Mutual of Omaha Ins. Co.*, 37 AD2d 1008; *State of New York v Horsemen's Benevolent & Protective Assn.*, 34 AD2d 769; Siegel, New York Practice, § 238). Thus, demand for Item Nos. 5 and 6 which relate to the value of the building and its contents are matters upon which plaintiffs have the burden of proof and defendants were improperly directed to respond to them. Demand for Item No. 11 seeks disclosure of defendants' proof which it is not the office of a bill of particulars to give. Special Term properly directed discovery of certain documents in defendants' possession. Defendants urge that under CPLR 3101 (subd [d]) the documents are immune because they are material prepared for litigation. The burden is on defendants to establish immunity from discovery (*Koump v Smith*, 25 NY2d 287). Where the material is obtained in the ordinary course of business or for a mixed purpose of which litigation is but one, it is discoverable (*Moon v MacKay*, 64 AD2d 1022). Even where solely gathered for litigation, the documents are still only conditionally immune from discovery and may be inspected where they cannot be duplicated because of changed circumstances or where its withholding will create hardship (Siegel, New York Practice, § 348). Item No. 6 relates to the report of defendants' expert which is not privileged without a bona fide showing that defendants had reasonable grounds for disclaiming and, as a result, employed an expert in preparation for litigation. We find nothing in this record to substantiate defendants' claim that a bona fide cause to disclaim existed at the time (*Mold Maintenance Serv. v General Acc. Fire & Life Assur. Corp.*, 56 AD2d 134). (Appeal from order of Erie Supreme Court, Doyle, J. — discovery preclusion.) Present — Cardamone, J. P., Simons, Hancock, Jr., Doerr and Schnepp, JJ.