OPINION OF THE COURT
Martin B. Stecher, J.
Plaintiff moves for an order compelling defendant to answer plaintiff’s interrogatories. Defendant cross-moves for costs because of plaintiff’s failure to comply with applicable court rules.
In this action, plaintiff seeks to recover damages for loss to his real property caused by fire. On September 18,1978, the day of the fire, plaintiff was arrested and charged with intentionally setting fire to this very property. Defendant investigated the loss, taking the plaintiff’s deposition, and thereafter disclaimed liability on January 30, 1980, nine months after plaintiff’s proof of loss was submitted.
Plaintiff heretofore served interrogatories on defendant which moved to strike them claiming, inter alia, that the interrogatories requested privileged matter. In an order dated April 15,1982, Justice Donald Sullivan denied the motion but gave defendant the opportunity to assert the privilege provided that the reason for the assertion of privilege was set forth by defendant in detail. Pursuant to *707 Justice Sullivan’s order defendant responded to the interrogatories, claiming privilege as to 36 of the 50 interrogatories. The claim of privilege is based on the claim that the interrogatories objected to seek material prepared for litigation (CPLR 3101, subd [d]). Beyond that statement repeated 36 times, defendant does not set forth any other ground for the assertion of privilege.
CPLR 3101 (subd [d]) immunizes from disclosure any expert opinion and anything created by or for a party in preparation for litigation. Unlike an “attorney’s work product” (CPLR 3101, subd [c]), “material prepared for litigation” is not absolutely privileged. Even where the privilege is properly asserted it may be overcome by a showing that certain material can no longer be duplicated because of a change in conditions resulting in “injustice or undue hardship” (CPLR 3101, subd [d]). The claim of privilege is not sufficiently asserted by mere use of the word “privilege”. “In light of the strong policy in favor of full disclosure unless the information sought is immunized, the burden of showing the appropriate immunity should be on the party asserting it”. (Koump v Smith, 25 NY2d 287, 294.)
Items 6 and 7 seek the identity of each person employed by defendant in connection with the claim as well as a description of all materials prepared by them. On its face these questions appear to demand materials prepared for litigation. Plaintiff contends, however, that the investigative reports cannot be regarded as having been made in anticipation of litigation, but that such requests were made in the ordinary course of business and, therefore, are subject to disclosure. The argument is without merit. Plaintiff’s arrest for arson on the day of the fire gave defendant a bona fide reason to investigate the legitimacy of the loss with the expectation that litigation would follow (Seaview Chef v Transamerica Ins. Co., 61 AD2d 1043; Rossi v Hartford Fire Ins. Co., 72 AD2d 548). Even though liability was not disclaimed until after the plaintiff’s deposition and the filing of a proof of loss, under “these circumstances the items sought to be discovered in the interrogatories objected to were privileged because they were pre *708 pared exclusively in anticipation of litigation” (Abraham v Hanover Ins. Co., 66 AD2d 808).
Nevertheless, plaintiff is entitled to know whether any investigator visited the premises and made any reports concerning plaintiff’s claim. While the reports are not obtainable as material prepared for litigation, the information concerning their authors is not protected under the language of CPLR 3101 (subd [d]).
This conclusion is in accord with the Court of Appeals liberal interpretation of CPLR 3101 (Allen v Crowell-Collier Pub. Co., 21 NY2d 403). Here, plaintiff is entitled to know what, if any, documents exist (even if they are material prepared for litigation). Absent such information no intelligent effort can be made to obtain materials otherwise protected whose withholding “will result in injustice or undue hardship” (CPLR 3101, subd [d]). “Thus, proper procedure requires that a party first ascertain by means of an examination or otherwise whether there are statements of witnesses, and then to serve a notice to discover specifically identified documents. The right to discover and inspect such documents can then be intelligently adjudicated.” (Rios v Donovan, 21 AD2d 409, 414.) Although the foregoing language is stated in another context (CPLR 3120), here, too, an intelligent adjudication can only be made when the documents have been identified.
Accordingly, defendant shall respond to interrogatories 6 and 7 to the extent only of identifying the investigator, the nature of the investigation and the nature of the investigator’s work product.
Interrogatories 11 and 12 seek the identification of witnesses. The disclosure of names and addresses of witnesses other than eyewitnesses was the issue in Hoffman v Ro-San Manor (73 AD2d 207). While that decision limited itself to disclosure in a negligence action, there is no reason why its reasoning should not extend to actions on fire insurance policies. The identity of a witness is no more an attorney’s work product or material prepared for litigation in an insurance claim than it is in a negligence claim. Unlike the public policy in criminal actions, the public policy in civil actions is to disclose rather than conceal *709 witnesses’ identities. Defendant shall respond to interrogatories 11 and 12.
Interrogatories 17, 18, 19, 20, 21, 22, and 23 seek the identity of the person of persons who are alleged to have started the fire and numerous details concerning the manner in which the fire was alleged to have been started. Justice Donald Sullivan previously directed that all questions be answered except where privilege is claimed. The only claim to privilege here is that set forth above; and as previously noted, it is inadequate. Accordingly, those questions shall be answered.
Interrogatories 24, 26 and 27 seek to discover whether plaintiff made certain tests or analysis of materials taken from the scene of the fire and related questions. While the results of the tests fall within the definition “material prepared for litigation”, plaintiff is entitled to know what, if any tests were conducted by defendant, and what disposition was made of the samples, if any. Interrogatories 24, 26 and 27 shall be responded to.
Interrogatories 31 and 32 seek to learn where the fire started, questions which are clearly not subject to the claim of privilege. Defendant shall respond to interrogatories 31 and 32.
Interrogatories 33 through 50, inclusive, are directed to defendant’s affirmative defenses. None of these interrogatories deals with any matter remotely qualifying as material prepared for litigation. While the questions are more appropriate to a demand for a bill of particulars (but see CPLR 3130) they will be answered as directed by Justice Sullivan.
Interrogatories 9,10, 25, 28 and 30 seek material clearly prepared for litigation. These interrogatories are stricken.
Defendant shall respond to all permitted interrogatories within 30 days after service of a copy of this order with notice of entry.
Turning to defendant’s cross motion; plaintiff has not complied with subdivision (b) of section 660.8 of the New York and Bronx County Supreme Court Rules (22 NYCRR 660.8 [b]) concerning motion practice. While, technically, the motion should be denied in its entirety, this would only *710 further burden the court with additional motion practice. However, the rule was not enacted to be ignored, and, accordingly, defendant’s cross motion is granted to the extent only of awarding $40 costs to the defendant, to be paid by plaintiff within 10 days after service of a copy of this order with notice of entry.