■ KENNETH K. HAWLEY, Respondent, v TRAVELERS INDEMNITY COMPANY, Appellant. — Order unanimously modified, and, as modified, affirmed, without costs, in accordance with the following memorandum: Special Term properly granted plaintiff's motion to compel the defendant fire insurance company, to disclose the report of its fire expert since defendant failed to sustain its burden of proving that the report was created in preparation for litigation. Although defendant has shown that when it employed the expert, it may have had " 'substantial bona fide reasons to investigate the legitimacy of the loss' " (*Seaview Chef v Transamerica Ins. Co.*, 61 AD2d 1043; see *Rossi v Hartford Fire Ins. Co.*, 72 AD2d 548; *Abraham v Hanover Ins. Co.*, 66 AD2d 808), it failed to show that the report was created *exclusively* in preparation for litigation. Mixed purpose reports are not exempt from disclosure under CPLR 3101 (subd [d], par 2) (*New England Seafoods of Amherst v Travelers Cos.*, 84 AD2d 676; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:38, p 42). Where a fire insurance company employs an expert for the purpose of aiding it to decide whether to accept or reject a claim, the report of the expert is not privileged, even though the company also intends to use the report for the purpose of defending possible litigation (*Mold Maintenance Serv. v General Acc. Fire & Life Assur. Corp.*, 56 AD2d 134; *Millen Inds. v American Mut. Liab. Ins. Co.*, 37 AD2d 817; cf. *Buy for Less Wine & Liqs. v Commercial Union Ins. Co.*, 63 AD2d 976). Here it appears that defendant employed the expert not only for the purpose of preparing for possible litigation, but also to aid it in deciding whether to accept or to reject the claim. Special Term improperly granted plaintiff's motion to vacate defendant's demand for a bill of particulars addressed to the amended complaint. An amended complaint having been served, "it superseded the original complaint and became the only complaint in the case." (*Branower & Son v Waldes*, 173 App Div 676, 678.) This action, therefore, must proceed as though the original pleading had never been served (*Millard v Delaware, Lackawanna & Western R. R. Co.*, 204 App Div 80). The plaintiff must now serve a new bill of particulars amplifying the claims of the amended complaint. Accordingly, the order is modified by deleting the first ordering paragraph which vacates the demand for the bill of particulars. (Appeal from order of Supreme Court, Yates County, Dugan, J. — preclusion, discovery.) Present — Simons, J. P., Callahan, Doerr, Boomer and Moule, JJ.