■ E. CUKER, INC., et al., Appellants, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Respondent. — Order, Supreme Court, New York County (Alvin F. Klein, J.), entered on January 20, 1983, which granted defendant's motion to vacate a demand for interrogatories, is unanimously reversed, on the law, the facts and in the exercise of discretion, and the motion is denied, with costs. On October 31, 1980, the plaintiffs' building and its contents were destroyed by fire. The insurer was the defendant. After the defendant rejected plaintiffs' claim for $158,450, plaintiff brought an action to recover on the policy of insurance. Subsequent to being served with defendant's answer, which contains eight affirmative defenses, plaintiff responded with 63 interrogatories directed specifically to these defenses. Special Term granted defendant's motion to vacate plaintiffs' demand. We disagree. Our examination of the interrogatories leads us to conclude that they are neither overly broad nor do they contain improper demands or questions, since they seek "evidence material and necessary in the prosecution * * * of an action" (CPLR 3101, subd [a]). Reports that are prepared in the regular course of business to aid an insurance carrier's decision in evaluation of a claim are discoverable (*Mont Food Corp. v Hartford Acc. & Ind. Co.,* 84 AD2d 719; *Carp's Delicatessen Corp. v Allcity Ins. Co.,* 83 AD2d 504), as opposed to those

exclusively prepared for litigation (CPLR 3101, subd [d], par 2). Concur — Sandler, J. P., Ross, Carro, Fein and Kassal, JJ.