■ WESTHAMPTON ADULT HOME, INC., Appellant, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH PA. et al., Respondents. — Appeal from an order entered April 30, 1984 in Supreme Court, New York County (David H. Edwards, J.), which denied plaintiff's motion for leave to reargue, is dismissed as nonappealable, without costs.

Order, Supreme Court, New York County (David H. Edwards, J.), entered August 1, 1983, which granted, in part, the defendants' motion to strike items 1, 2 and 3 of plaintiff's notice of discovery, is unanimously reversed, to the extent appealed from, on the law and on the facts, with costs, and defendants' motion is denied.

In these consolidated actions alleging breach of insurance contracts which insured plaintiff against loss caused by water damage to its premises, Special Term granted the defendants' motion for a protective order, excluding from discovery certain reports claimed to be privileged as material prepared in contemplation of litigation and attorney's work product.

At issue are four of six reports dated variously between February 4, 1981 and October 19, 1981. Special Term concluded that such of the reports as were made subsequent to March 25, 1981 were made for litigation purposes and thus are exempt from discovery. (CPLR 3101, subd [d].) This was error. The adoption of March 25, 1981 as the cutoff date for discovery of the various reports appears to have been bottomed entirely upon the fact that counsel for defendants were retained on that date and thus by reason thereof four of the six reports prepared subsequently are exempt from discovery. The record clearly demonstrates however, that defendants had not at that time determined to reject plaintiff's claims and that counsel were retained

to conduct examinations under oath of plaintiff's principals and supervise the investigation of the plaintiff's claims pursuant to the provisions of the policies, activities normally performed in the ordinary course of defendants' business. It is the rule that " '[m]ulti-motived reports do not warrant the immunity if litigation is but one of the motives.' " (*Chemical Bank v National Union Fire Ins. Co.*, 70 AD2d 837, 839; *New England Seafoods v Travelers Cos.*, 84 AD2d 676; *Mold Maintenance Serv. v General Acc. Fire & Life Assur. Corp.*, 56 AD2d 134.) Reports made by independent investigators and adjusters, before rejection of insurance claims, are generally discoverable. (*Millen Inds. v American Mut. Liab. Ins. Co.*, 37 AD2d 817; *Mold Maintenance Serv. v General Acc. Fire & Life Assur. Corp.*, 56 AD2d 134, *supra; Buy For Less Wine & Liqs. v Commercial Union Ins. Co.*, 63 AD2d 976.) The burden of demonstrating an immunity from discovery is on the party asserting the immunity. (*Koump v Smith*, 25 NY2d 287.)

Defendants failed to carry this burden. It is clear that these reports were prepared, at least in part, to assist the defendants in determining whether to accept or reject plaintiff's claim and to evaluate the extent of plaintiff's loss. Material such as this, prepared in the ordinary course of business, is not entitled to exemption from discovery. (*Mold Maintenance Serv. v General Acc. Fire & Life Assur. Corp.*, 56 AD2d 134, *supra; Millen Inds. v American Mut. Liab. Ins. Co.*, 37 AD2d 817, *supra; Hawley v Travelers Ind. Co.*, 90 AD2d 684.) Additionally, it does not appear that defendants expressed any intention to reject plaintiff's claim or even hinted of impending litigation in their communications with plaintiff during the investigation or subsequent to receipt of the last report. (*Buy For Less Wine & Liqs. v Commercial Union Ins. Co.*, 63 AD2d 976; *supra; Mold Maintenance Servs. v General Acc. Fire & Life Assur. Corp., supra; Chemical Bank v National Union Fire Ins. Co., supra.*) Concur — Kupferman, J. P., Sullivan, Carro, Milonas and Alexander, JJ.