■ Suzuki Performance of Huntington, Ltd., Respondent, v Utica Mutual Insurance Company et al., Defendants, and Long Island Lighting Company, Appellant. (And Other Actions.)—In an action to recover damages, inter alia, for negligence, the defendant Long Island Lighting Company (hereinafter LILCO) appeals from so much of an order of the Supreme Court, Suffolk County (Jones, J.), dated May 9, 1985, as directed it to produce a named employee for a second deposition and to produce a knowledgeable employee to testify concerning certain expert reports.

Order affirmed insofar as appealed from, with costs.

Special Term acted properly in issuing the instant discovery order. LILCO's arguments concerning the admissibility of such evidence at trial are premature. The rules governing disclosure differ from those concerning admissibility, and questions

of admissibility are to be reserved for the trial court *(see, McKinney v State of New York,* 111 Misc 2d 382, 387; Siegel, NY Prac § 344). Moreover, "[t]here shall be full disclosure of all evidence material ,and necessary in the prosecution or defense of an action" *(see,* CPLR 3101 [a]). Since the information sought by the plaintiff is material and relevant, it should be disclosed. Finally, we note that LILCO has failed to meet its burden of establishing that the information sought to be disclosed is privileged *(see, Yannick v Tube City Iron & Metal Co.,* 77 AD2d 623). Mollen, P. J., Thompson, Niehoff, Rubin and Kunzeman, JJ., concur.