LANDMARK INSURANCE COMPANY, Appellant, v BEAU RIVAGE RESTAURANT, INC., Respondent.

Second Department, December 22, 1986

## APPEARANCES OF COUNSEL

*Bouck, Holloway, Kiernan & Casey (Thomas J. Johnson* of counsel), for appellant.

*J. Russell Clune, P. C. (Laura Freeman* of counsel), for respondent.

## OPINION OF THE COURT

RUBIN, J.

The burden of showing that specific material is conditionally immune from discovery under CPLR 3101 (d) because it was prepared solely in anticipation of litigation, is upon the party asserting the immunity *(see, Koump v Smith,* 25 NY2d 287, 294; *Westhampton Adult Home v National Union Fire Ins. Co.,* 105 AD2d 627, 628; *Mold Maintenance Serv. v General Acc. Fire & Life Assur. Corp.,* 56 AD2d 134, 135). On this appeal, we have been requested to reevaluate the test applied by this court in ascertaining whether or not an insurance carrier has met its burden of proving that the reports of an independent adjuster and arson expert, retained by it to investigate the origin of a fire on the insured's premises, were materials prepared solely for litigation and, thus, conditionally immune from discovery under CPLR 3101 (d).

When confronted in prior cases with the question of whether an investigation report of an expert employed by an insurance carrier prior to issuing a disclaimer of indemnity coverage for loss by fire was material prepared in anticipation of litigation, we held that an insurance carrier had met its burden of proof upon showing that the report sought to be discovered was prepared after the date the insurer had substantial bona fide reasons to *investigate* the legitimacy of the loss *(Seaview Chef v Transamerica Ins. Co.,* 61 AD2d 1043; *Rossi v Hartford Fire Ins. Co.,* 72 AD2d 548; *Abraham v Hanover Ins. Co.,* 66 AD2d 808; *Foremost Ins. Co. v 3 Grace Ave.,* 58 AD2d 590). In contrast, our colleagues in the First and Fourth Judicial Departments have applied a stricter test by placing the emphasis upon the date when the insurance carrier made a firm decision to reject the claim, albeit the

decision to disclaim may not have been conveyed to the insured on said date. Thus, the First and Fourth Departments have held that before an expert's investigation report will be found to be conditionally immune from discovery, the insurance carrier must make a bona fide showing that the subject report was prepared after it had reasonable grounds to *reject* the claim *(see, Millen Indus. v American Mut. Liab. Ins. Co.,* 37 AD2d 817 [1st Dept]; *E. Cuker, Inc. v New York Prop. Ins. Underwriting Assn.,* 98 AD2d 621 [1st Dept]; *Westhampton Adult Home v National Union Fire Ins. Co.,* 105 AD2d 627 [1st Dept], *supra; Mold Maintenance Serv. v General Acc. Fire & Life Assur. Corp.,* 56 AD2d 134 [4th Dept], *supra; New England Seafoods v Travelers Cos.,* 84 AD2d 676 [4th Dept]; *Hawley v Travelers Indem. Co.,* 90 AD2d 684 [4th Dept]). Upon reevaluation, we hereby adopt the standard applied by the First and Fourth Departments, which is more in keeping with the policy of liberal disclosure under CPLR 3101 (a) *(see, Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403), and more accurately distinguishes between material prepared in the ordinary course of an indemnity insurer's business and material prepared exclusively in anticipation of litigation. This department's aforenoted cases, standing for the proposition that an insurance carrier can satisfy its burden of proving the expert's investigation report was prepared exclusively in anticipation of litigation by showing that it had substantial bona fide reasons to investigate the legitimacy of the loss at the time it employed the expert to conduct such an investigation, are hereby overruled.

In the instant case, a fire completely destroyed the defendant's restaurant on January 1, 1983. The premises were insured by the plaintiff. Shortly thereafter, the police and fire officials voiced the opinion that the fire was suspicious in origin. The plaintiff immediately retained an independent adjuster and an arson expert to conduct an investigation. On January 7, 1983, the adjuster and an arson expert inspected the premises. Based upon the arson expert's opinion that the fire was suspicious in origin, and his own observations, the adjuster received the plaintiff's authorization to retain attorneys. On March 17, 1983, the defendant submitted proof of loss in writing. On March 31, 1983, the plaintiff's attorneys conducted an examination under oath of the defendant's president, pursuant to the terms of the policy, and inspected financial records supplied by the defendant. Six months after

the defendant submitted proof of loss in writing, the plaintiff issued a disclaimer of coverage.

Thereafter, the plaintiff commenced the instant action to declare the insurance policy void by reason, *inter alia,* that the hazard was increased by means within the control or knowledge of the insured. Issue was joined, and the defendant served a notice to discover and inspect the contents of plaintiff's claim file. Special Term denied the plaintiff's motion for a protective order on the ground the plaintiff failed to sustain its burden of proving that the report of its adjuster and arson expert were created exclusively in preparation for litigation. We agree.

"[T]he payment or rejection of claims is a part of the regular business of an insurance company. Consequently, reports which aid it in the process of deciding which of the two indicated actions to pursue are made in the regular course of its business. However, once it has rejected the claim [albeit that decision may not yet be communicated to the insured], reports made to it to aid in the resistence of the claim are made for the purpose of litigation and are protected by CPLR 3101 (subds. [c], [d])" *(see, Millen Indus. v American Mut. Liab. Ins. Co.,* 37 AD2d 817, *supra; E. Cuker, Inc. v New York Prop. Ins. Underwriting Assn.,* 98 AD2d 621, *supra* [and cases cited therein]). Consequently, in distinguishing between an expert's report prepared in the regular course of business to aid an insurance carrier's decision in evaluation of a claim and an expert's report prepared exclusively for anticipated litigation, the date a firm decision to disclaim coverage is made is the relevant date, rather than the date a carrier has reason to investigate the legitimacy of the loss.

It is noteworthy that the date an insurer makes a firm decision to reject the claim is not necessarily the date it issues a disclaimer because an insurer has no obligation to inform the insured of its decision until after receipt of a formal demand for payment, i.e., the filing by an insured of proof of loss *(see,* Insurance Law former § 168 [6], lines 150-155 [now Insurance Law § 3404 (e), lines 150-155]; *Proc v Homes Ins. Co.,* 17 NY2d 239, 245). Under those circumstances, the date an insurer made a firm decision to reject a claim can be established by a bona fide showing that on the date at issue it had reasonable grounds for disclaiming and so employed an expert in preparation for expected litigation *(see, Mold Maintenance Serv. v General Acc. Fire & Life Assur. Corp.,* 56 AD2d 134, 136, *supra; New England Seafoods v Travelers Cos.,* 84

AD2d 676, 677, *supra*). Accordingly, investigation reports of experts retained by an insurer are not material prepared for litigation and are subject to disclosure, unless the insurer had previously issued a disclaimer of coverage (as is not the case here) or had made a firm decision to do so *(see, Buy For Less Wine & Liqs. v Commercial Union Ins. Co.,* 63 AD2d 976).

We further note that the date counsel is retained by an insurance carrier will not, by itself, suffice to establish that it had made a firm decision to disclaim on that date in those instances where it can be inferred from the record that counsel was retained to conduct examinations under oath of the insured and to supervise the investigation of the insured's claim, pursuant to the provisions of the policies. Such activities are normally performed in the ordinary course of the defendant's business *(see, Westhampton Adult Home v National Union Fire Ins. Co.,* 105 AD2d 627, *supra*).

In the instant case, the plaintiff has shown that when it employed an independent adjuster and an arson expert, it had substantial bona fide reasons to investigate the legitimacy of the loss because police and fire officials had considered the fire to be suspicious in origin *(see, Seaview Chef v Transamerica Ins. Co.,* 61 AD2d 1043, *supra; Rossi v Hartford Fire Ins. Co.,* 72 AD2d 548, *supra; Abraham v Hanover Ins. Co.,* 66 AD2d 808, *supra; Foremost Ins. Co. v 3 Grace Ave.,* 58 AD2d 590, *supra*). However, the date the insurance carrier had substantial bona fide reasons to investigate the legitimacy of the loss is not ipso facto to be equated with the date it had reasonable grounds to *disclaim* coverage, for the latter would generally require the insurer to first analyze the facts compiled in reports of experts hired to investigate the legitimacy of the loss.

Here, it is readily apparent that the plaintiff employed the adjuster and the arson expert to conduct an investigation for the purpose of aiding it to decide whether to accept or reject the defendant's claim and not solely for the purpose of preparing for possible litigation *(see, Hawley v Travelers Indem. Co.,* 90 AD2d 684, *supra; E. Cuker, Inc. v New York Prop. Ins. Underwriting Assn.,* 98 AD2d 621, *supra* [and cases cited therein]). Since mixed purpose reports are not exempt from disclosure under CPLR 3101 (d) (2) *(see, Westhampton Adult Home v National Union Fire Ins. Co., supra,* at p 628; *New England Seafoods v Travelers Cos.,* 84 AD2d 676, 677, *supra*), the reports of the adjuster and arson investigator are subject to disclosure.

Accordingly, we affirm so much of Special Term's order as denied the plaintiff's motion for an order of protection with regard to the inspection reports of the arson expert and independent adjuster. However, in view of the fact the plaintiff moved for an order of protection with respect to the entire contents of its claim file based upon a showing that all the contents had been prepared after it had substantial bona fide reasons to investigate the legitimacy of the claim, in accordance with the former standard applied by this court which is hereby expressly overruled, we remit the matter to the Supreme Court, Orange County, in the interest of justice. The Supreme Court, Orange County, is to provide the plaintiff with an opportunity to prove what reports, if any, in its claim file are material prepared exclusively for litigation within the standard set forth herein.

MOLLEN, P. J., BRACKEN and BROWN, JJ., concur.

Ordered that an order of the Supreme Court, Orange County, dated April 13, 1984, is modified, by deleting the provision thereof which denied that branch of the plaintiff's motion which was for a protective order with respect to those items in its claim file other than the reports of an arson expert and independent adjuster. As so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for further proceedings consistent herewith.