OPINION OF THE COURT
John W. Grow, J.
Defendants move for a protective order relating to so much of plaintiffs’ notice to produce dated January 7, 1987 as pertains to the production of reports prepared by a private investigator hired by defendants’ liability insurance carrier (Reports). Defendants contend that the Reports are material prepared for litigation and therefore are exempt from disclosure pursuant to CPLR 3101 (d) (2). Plaintiffs oppose the motion and argue that the Reports were prepared in the regular course of business operations and are therefore subject to disclosure pursuant to CPLR 3101 (g).
At the outset, the court notes that the kind of insurance carried by defendants is significant in determining whether *302 the Reports should be disclosed. Liability insurance coverage entails the defense and settlement of claims made against the insured by third parties and is in essence "litigation insurance”. (Kandel v Tocher, 22 AD2d 513, 515.) Reports and statements generated by a liability insurance carrier in its effort to protect the insured from the imposition of liability are thus always made with a view toward future litigation in the event the matter cannot be settled. The rule in cases involving insurance coverage with respect to losses such as fire is very different. (See, Mold Maintenance Serv. v General Acc. Fire & Life Assur. Corp., 56 AD2d 134, 136.) For example, where an insurance carrier retains an expert to investigate a fire loss, that expert’s report will be discoverable unless the carrier can make a bona fide showing that at the time the report was prepared the carrier had rejected the insured’s claim or had reasonable grounds for disclaiming. (See, e.g., Ferraro v United States Fid. & Guar. Co., 116 AD2d 1022; Hawley v Travelers Indem. Co., 90 AD2d 684; New England Seafoods v Travelers Co., 84 AD2d 676.) The cases involving such coverage — where the dispute is between the insured and his insurer — are thus to be distinguished from the instant case, which involves liability insurance.
Since the Reports were prepared by a private investigator who was retained by defendants’ liability insurance carrier, the court finds that they were not prepared in the regular course of defendants’ business operations. This is not a case in which the material sought to be disclosed was prepared by employees of the party and then sent to its liability insurance carrier as part of a routine business practice. Here defendants did not even directly procure the Reports. Rather, the matter was referred to defendants’ liability insurance (i.e., litigation insurance) carrier, who then retained a private investigator. The court cannot reasonably conclude that the Reports were prepared by the private investigator in the regular course of business, operations. On the contrary, the court finds that the Reports were prepared in anticipation of the defense and settlement of the claims upon which this action is based.
As material prepared solely in anticipation of litigation, the Reports are conditionally exempt from disclosure pursuant to CPLR 3101 (d) (2). (See, Harris v Processed Wood, 89 AD2d 220.) Defendants’ motion is therefore granted without prejudice to plaintiffs’ rights to move for disclosure of the Reports *303 at a later date upon a proper showing that the nonparty witnesses whose statements are contained therein are unavailable and that the withholding of the material sought will result in injustice or undue hardship. (See, Volpicelli v Westchester County, 102 AD2d 853.)