OPINION OF THE COURT
Edwin Margolis, J.
Claimant seeks an order compelling compliance with its demand for discovery and inspection dated July 7, 1987. The underlying action is for property damages resulting from flooding in the Town of Whitehall, New York, in May and June 1984. Claimant alleges that the flooding and consequent damage to its property was caused by the negligence of the State in the design, construction and operation of a temporary cofferdam on the Champlain Canal.
Only two of the demands contained in the original request remained in dispute as of the return date of this motion, and the State subsequently withdrew its objection to one of those demands by letter dated December 29, 1987.
The remaining item in dispute is the request, contained in paragraph 7 of the claimant’s demand, for the following information: "Records with respect to claims submitted to the State by persons claiming property damage or personal injury as a result of flooding in or about Whitehall, New York in May and June, 1984.”
The State declines to comply with this request on the ground that settlement records are immune from discovery. Initially, the court must reject claimant’s argument that the *700 State has waived its objections by failing to submit a timely motion for a protective order. Recourse to CPLR 3122 is not strictly required when the party objecting to discovery relies on statutory authority exempting certain items from discovery. (Greene v Lee, 112 AD2d 140; Whittington v Rectors, Wardens & Vestry of Church of Advent, 54 AD2d 732.)
The immunity that is primarily relevant in this situation is that provided to material "prepared in anticipation of litigation or for trial” (CPLR 3101 [d] [2], as amended by L 1985, ch 294).* Such material is conditionally immunized from discovery and inspection, whether it was prepared by a lawyer or nonlawyer. (Welch v Globe Indent. Co., 25 AD2d 70; Kandel v Tocher, 22 AD2d 513, 516-517.)
As a general rule, material prepared for litigation in a case other than the one in which disclosure is sought is not immunized. (Firemen’s Ins. Co. v Gray, 41 AD2d 863; Bennett v Troy Record Co., 25 AD2d 799.) However, there is an exception to this general rule where the litigation for which the material was prepared arose from the same occurrence or transaction underlying the case in which disclosure is sought and where disclosure would be unfair. (Johnson, Drake & Piper v State of New York, 62 Misc 2d 725; Cataldo v County of Monroe, 42 Misc 2d 15, affd 20 AD2d 755; 7 Carmody-Wait 2d, NY Prac § 42:84, at 153; 44 NY Jur 2d, Disclosure, § 67.)
In his affidavit in opposition to the instant motion, the Attorney-General submitted, for the court’s in camera inspection, records with respect to the two generic types of claim that were submitted to the State arising from the 1984 Whitehall flood. One was a claim filed with this court pursuant to the Court of Claims Act. With respect to an action pending in this court, material prepared for settlement or compromise, of such claim under section 20-a of the Court of Claims Act is an integral component of the process of litigation, and is, therefore, immunized as material "prepared in anticipation of litigation or for trial.” (CPLR 3101 [d] [2].)
A different situation obtains with respect to a claim submitted under section 8 (12) through (12-f) of the State Finance Law. In such case, the State is in a position analogous to that of an ordinary liability insurance carrier. Under the State Finance Law, the Comptroller possesses the power and duty to *701 "examine, audit and certify for payment” certain small claims. (State Finance Law § 8 [12]-[12-f].) The power to audit is the power to "hear and examine, and thereupon to allow or to reject”. (People ex rel. Desiderio v Conolly, 238 NY 326, 333.) This function is precisely the same as that performed by a liability insurance carrier. The allowance or rejection of claims is a part of the regular course of business of both an insurance carrier under a liability insurance policy and the Comptroller under section 8 of the State Finance Law.
The decisional law of this State is that material prepared in the regular course of business to aid an insurance carrier in deciding whether to allow or reject a claim is discoverable. Only material prepared after the carrier has determined to reject such claim is immunized as material prepared in anticipation of litigation. (Landmark Ins. Co. v Beau Rivage Rest., 121 AD2d 98; E. Cuker, Inc. v New York Prop. Ins. Underwriting Assn., 98 AD2d 621; Millen Indus. v American Mut. Liab. Ins. Co., 37 AD2d 817.)
A claim filed under the State Finance Law is analytically indistinguishable from claims made to a liability insurance carrier. An investigation or report undertaken by the State, in connection with such a claim and prior to its rejection by the Comptroller, is not a report prepared in anticipation of litigation — it was prepared only to enable the Comptroller to make a decision whether or not to allow such claim. Therefore, such materials are discoverable. Of course, merely because they are discoverable does not make such material admissible into evidence at trial. (Dattmore v Eagan Real Estate, 112 AD2d 800, and cases cited therein.)
The State also argues "that the settlement documents are not discoverable because they are covered by the lawyer-client privilege.” CPLR 4503 encompasses both the client’s confidential communication to the attorney as well as the attorney’s confidential advice to the client. (Richardson, Evidence § 415 [Prince 10th ed].) As discussed above, settlement materials prepared in anticipation of litigation or for trial in this court are privileged, while those materials prepared in connection with claims under section 8 of the State Finance Law are discoverable. The related issue of attorney-client privilege that the Attorney-General raises is also inapplicable to section 8 claims for the following reasons.
The relevant subdivisions of section 8 of the State Finance Law which preclude the Comptroller from paying a small *702 claim without “approval by the attorney-general” (e.g., subd [12-a]) simply require an independent affirmative finding by a named State official as a prerequisite to action by the Comptroller. In this case, the official happens to' be the Attorney-General, but it could just as easily have been any other State official. As a matter of fact, subdivision (12-b) of said section 8 requires the approval of the chief administrative officer of the appropriate institution of the State University of New York. Materials do not enjoy the protection of attorney-client privilege merely because they were prepared by a lawyer; to enjoy such privilege they must be the type of material that only a lawyer could prepare. (Brunswick Corp. v Aetna Cas. & Sur. Co., 49 Misc 2d 1018, 1021, mod on other grounds 27 AD2d 182; see generally, Siegel, NY Prac § 347.)
Moreover, before the attorney-client privilege can come into existence, the communication or advice must be confidential and be so intended by the parties (Rosseau v Bleau, 131 NY 177). The very fact that the Comptroller may not allow such claim without the approval of the Attorney-General makes such approval a matter of public record if the Comptroller pays the claim. Thus, the approval of the Attorney-General that is submitted to the Comptroller in connection with a claim made under section 8 of the State Finance Law does not possess the requisite character of a confidential communication between attorney and client, and, therefore, is discoverable.
It should also be noted that, when otherwise-protected materials were prepared by an individual who is called as a witness for the defendant, they may be utilized, if appropriate, to impeach such witness’s creditability (Matter of Hicksville Props. v Board of Assessors, 116 AD2d 717; Swartout v State of New York, 44 AD2d 766). Similarly, the privilege may also be waived if such materials are used to refresh the memory of trial witnesses or if a witness’s deposition testimony is based on such material. (Merrill Lynch Realty Commercial Servs. v Rudin Mgt. Co., 94 AD2d 617; Doxtator v Swarthout, 38 AD2d 782.) Finally, documents are immunized only if prepared exclusively for purposes of litigation and not prepared in the ordinary course of business (e.g., a routine investigative report prepared for explanatory and remedial purposes). (Crow-Crimmins-Wolff & Munier v County of Westchester, 123 AD2d 813; Oppedisano v New York Mut. Underwriters, 111 AD2d 452.)
Accordingly, claimant’s motion is denied with respect to materials prepared exclusively in anticipation of litigation or *703 for trial of other claims in the Court of Claims, including settlement or compromise thereof, arising from the May and June 1984 flood in Whitehall, New York. The motion is granted with respect to materials prepared in connection with such claims made pursuant to section 8 of the State Finance Law, which were prepared prior to rejection thereof by the Comptroller.

 The effective date of the 1985 amendment was July 1, 1985, and it is applicable to any action commenced on and after such date (L 1985, ch 294, § 25). The claim in this action was filed on May 23, 1986.