OPINION OF THE COURT
Ariel E. Belen, J.
In this products liability action, plaintiff, Alberto Rodriguez, *841 was injured while straightening a piece of sheet metal as an employee of Eastern Silver Co., Inc. Plaintiff alleges that the injury occurred due to a malfunction of the machine he was using, which had been manufactured by defendant Scovill, Inc.
Third-party defendant, Eastern Silver Co., Inc. (hereinafter Eastern), has moved for an order to compel plaintiff to respond to its demand for a bill of particulars or to alternatively preclude plaintiff from submitting evidence at trial as to those items for which a bill of particulars has not been delivered. Eastern has further requested that the court grant costs and attorney’s fees for the necessity of making this motion.
Plaintiff opposes this motion on several grounds. Firstly, plaintiff points out that the demand served by Eastern was not served until close to four years after it was joined in the third-party action and extensive discovery has been conducted in which Eastern fully participated. Plaintiff believes that the demand for a bill of particulars at this late date is improper. While this may be the case, it is appropriate to request a bill of particulars after depositions have been held. (See, Matter of Reynolds, 38 AD2d 788 [4th Dept 1972].) Since we do not know when depositions were held, it cannot be determined that the demand for a bill of particulars was submitted unreasonably late thereafter.
Plaintiff has made no direct claims against his employer, Eastern, and consequently he asserts that he should not be expected to supply particulars regarding Eastern’s alleged negligence towards plaintiff. Plaintiff was not the party whose pleadings alleged that Eastern had any liability in this accident; plaintiff’s pleadings allege that his on-the-job injury was due to a defect in a machine manufactured by defendant Scovill. Citing the case of New England Seafoods v Travelers Cos. (84 AD2d 676, 677 [4th Dept 1981]) which states "A party is required to give particulars only as to those matters upon which it has the burden of proof [citations omitted]”, plaintiff here asserts that since he raised no claim against Eastern, he has no burden of proof vis-á-vis such claims as were raised by defendant/third-party plaintiff Scovill.
The New England Seafoods case (supra) involved a plaintiff who requested that the defendant supply particulars as to evidentiary items that plaintiff sustained the burden of proving. The Court there held that the defendant was not obligated to respond to these demands. That is not the situation in the present case. While plaintiff here has no burden of proving any negligence on the part of his employer and was precluded from *842 suing Eastern directly under the Workers’ Compensation Law, plaintiff nevertheless has the option of testifying, for example, that Eastern’s negligence in maintaining Scovill’s equipment or failure to properly instruct plaintiff in its use contributed to the accident. This kind of testimony would tend to diminish any comparative negligence that could reduce his award.
Pursuant to CPLR 1008, the third-party defendant has the rights of a party adverse to the other parties in the action. Dean McLaughlin’s commentary to that section, cited by third-party defendant Eastern, provides that "[o]nce the third-party defendant appears in the action he is an adversary of every other party in the action, and in addition to his right to counterclaim and cross-claim freely, he is entitled to a bill of particulars”. (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C1008:l, at 119.)
Eastern also cites the case of T.R. Am. Chems. v Seaboard Sur. Co. (116 Misc 2d 874 [Sup Ct, NY County 1982]) for the proposition that a third-party defendant has the right to defend not only the third-party action but also the main action. In that case, Justice Bentley Kassal awarded the third-party defendant the right to amend his pleadings and bring a defamation claim against the plaintiff in the main action, although the Statute of Limitations on that cause of action had expired when the motion was made. Although it is undisputable that a third-party defendant may be considered adverse to all other parties and be entitled to the same discovery as that afforded to the other parties, third-party defendant has cited no authority that requires a plaintiff to serve a bill of particulars on items for which plaintiff has no burden of proof.
In this case, it is possible that plaintiff will assert claims against the third-party defendant in his case at trial that he was precluded from bringing in his pleadings due to the provisions of the Workers’ Compensation Law. Under such circumstances, the fact that plaintiff has no burden of proof with regard to such potential claims seems besides the point. The third-party defendant should have the right to know what plaintiff intends to prove against it, regardless of the fact that plaintiff has no obligation to prove anything against third-party defendant Eastern Silver.
Consequently, upon the third-party defendant’s order to show cause and affirmation in support dated October 27, 1995, and exhibits annexed thereto and plaintiff’s affirmation in opposition dated November 27, 1995 and exhibits annexed thereto, it is ordered that third-party defendant’s motion to preclude is *843 granted to the extent that plaintiff is directed to respond to the bill of particulars served by third-party defendant within 20 days of service of this order upon it with notice of entry and it is further ordered that the portion of third-party defendant’s motion requesting costs and legal fees is denied upon the grounds that plaintiff had a facially valid basis for his refusal to comply with the demand.