■ PETER A. PLIMPTON, Appellant, v MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY et al., Respondents. (And a Third-Party Action.) [855 NYS2d 544]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered August 17, 2007, which, in an action to enforce a disability policy issued by defendants, denied plaintiff insured's motion for a protective order, unanimously affirmed, without costs.

The demanded document is a letter to plaintiff from an expert analyzing plaintiff's rights under the disputed policy provisions and, although dated one week before plaintiff formally retained his attorney and two years before commencement of the action, was clearly intended to assist plaintiff in deciding whether to pursue litigation in response to the denial of his claim almost five months earlier. Plaintiff's attorney states that he is

"absolutely *certain*" that the expert was consulted based on a conversation he had with plaintiff no more than four months after defendants' denial of benefits, before his formal retainer but after he considered plaintiff a client. The existence of the letter was discovered by defendants as a result of a document demand served on third-party defendant, who at all relevant times has been acting on plaintiff's behalf under a power of attorney. Plaintiff's attorney does not say he knew of the existence of the letter before this disclosure by third-party defendant almost four years after its creation.

The attorney-client privilege does not apply because the letter was not a communication between a lawyer and client made during the course of a professional relationship for the purposes of facilitating the rendition of legal advice or services (*Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 377-378 [1991]). The exemption for attorney work product does not apply because the letter was not prepared by counsel acting as such and does not otherwise uniquely reflect a lawyer's learning and professional skills (*Brooklyn Union Gas Co. v American Home Assur. Co.*, 23 AD3d 190, 190-191 [2005]). The exemption for materials prepared in anticipation of litigation does not apply because expert reports prepared for the purpose of assisting a party in making the decision to litigate or not are considered to have a mixed purpose, and therefore must be disclosed (*Landmark Ins. Co. v Beau Rivage Rest.*, 121 AD2d 98, 102 [1986]). In the latter regard, although the letter was prepared after defendants' rejection of plaintiff's claim (*see id.*), litigation was not commenced for two years. No explanation is provided for this gap between the letter's creation and commencement of litigation, indicative of uncertainty whether to pursue litigation. Absent any indication that plaintiff's attorney even knew of the letter until its disclosure by third-party defendant, we reject plaintiff's argument that the circumstances warrant an in camera review of not only the letter itself but also of the circumstances surrounding its creation.

We have considered plaintiff's other arguments and find them without merit. Concur—Tom, J.P., Mazzarelli, Williams and Moskowitz, JJ.