**Wallace R. BIGELOW, Sr., Plaintiff,**

v.

**Webster T. KNIGHT, Defendant.**

**Civ. A. No. 89–1542–GHR.**

United States District Court,
District of Columbia.

May 4, 1990.

670

Wallace Bigelow, pro se.

Paul M. Toulouse, Toulouse & Spillan, Washington, D.C., for defendant.

## ORDER

REVERCOMB, District Judge.

The plaintiff has sued the defendant alleging legal malpractice in connection with his representation of plaintiff in a criminal proceeding. This matter is before the Court pursuant to defendant's motion to dismiss.

### A. *Background*

Pursuant to an indictment filed on February 22, 1982, plaintiff was charged with carrying a pistol without a license, D.C. Code § 22–3204, possession of the implements of crime, D.C.Code § 22–3601, and unlawful possession of marijuana, D.C. Code § 33–541(c).

At a status hearing on September 24, 1982, the government entered a *nolle prosequi* regarding the possession of the implements of a crime charge. Plaintiff later pled guilty to unlawful possession of marijuana. Plaintiff's criminal trial concluded on January 13, 1983, with the jury returning a verdict of guilty on the charge of carrying a pistol without a license. A motion for new trial was denied on February 23, 1983, and plaintiff was sentenced on

that same day to a period of incarceration of ten to thirty years.[1]

On March 2, 1983, defendant noticed a timely appeal of plaintiff's criminal conviction on the grounds of the trial court's admission into evidence of cash which was found on plaintiff's person at the time of his arrest and the trial court's failure to suppress other evidence. Shortly thereafter, plaintiff expressed his dissatisfaction with defendant's representation of him. On October 21, 1983, defendant filed his motion to withdraw as counsel for plaintiff. The motion was granted on November 4, 1983 and new counsel entered his appearance on behalf of plaintiff in his criminal appeal. The conviction was affirmed on appeal. *Bigelow v. United States*, 498 A.2d 210 (D.C.1985).

On April 20, 1989, plaintiff filed a motion pursuant to D.C.Code § 23–110 to collaterally attack his motion alleging ineffective assistance of counsel. Plaintiff alleged in his § 23–110 motion, as he does in the instant complaint, that defendant allegedly failed to call two alibi witnesses and failed to interview a third unnamed witness. The Court, on July 7, 1989, denied plaintiff's motion to vacate his conviction and for a new trial, finding that the plaintiff's ineffective assistance of counsel claim was "vague and conclusory and wholly incredible."

### B. *Jurisdiction*

■ The plaintiff's complaint of legal malpractice must meet the standards of diversity in order that this Court can exercise subject matter jurisdiction. The plaintiff simply states that he is incarcerated in California and that the defendant practices law in the District of Columbia. However, the burden is on the plaintiff to allege the *domicile* and citizenship of the parties. In light of this failure this Court must dismiss the complaint.

---

1. Enhancement papers had been filed against plaintiff on June 29, 1982, pursuant to D.C.Code §§ 22–104a, –3204 and 23–111, in light of plaintiff's prior convictions for assault with intent to kill while armed, assault with a dangerous weapon, conspiracy to escape and felonious possession of a prohibited weapon.

**C.** *Failure to Identify A Legally Cognizable Harm*

■ As a plaintiff in a malpractice suit, Bigelow must demonstrate that the defendant's actions caused a legally cognizable injury. *Becker v. Colonial Parking, Inc.*, 409 F.2d 1130, 1136–37 (D.C.Cir.1969). The plaintiff must show, *inter alia*, that his attorney's "negligence resulted in and was the proximate cause of the loss to the client." *Niosi v. Aiello*, 69 A.2d 57, 60 (D.C.Mun.App.1949). Thus an attorney is not liable for malpractice if his client has suffered no damages.

■ In the instant case the plaintiff essentially alleges only vague and general failures of the defendant to locate and interview witnesses who would have "render[ed] suitable support for a defense." Plaintiff fails to identify what these witnesses would have testified to and how they would have supported a defense which would have resulted in his acquittal. Accordingly, this Court rules that the plaintiff has failed to assert a legally cognizable harm which is an essential element of his claim and his complaint must be dismissed.

**D.** *Collateral Estoppel*

■ The plaintiff's complaint must also be dismissed on the ground of collateral estoppel which "prohibits parties who have litigated one cause of action from relitigating in a second and different cause of action matters of fact which were, or necessarily must have been, determined in the first litigation." *Tutt v. Doby*, 459 F.2d 1195, 1197 (D.C.Cir.1972). For this doctrine to apply, the same issue must be at stake in both cases, and the issue must have been litigated and decided in the first suit.

Plaintiff's allegations in this case, failure to interview and use witnesses, encompass in all material aspects the same claims that he presented in his § 23–110 motion. That motion was denied and is entitled to preclusive effect in the instant case. *See McCord v. Bailey*, 636 F.2d 606, 608–610 (D.C.Cir.1980).

Accordingly, it hereby is

ORDERED that defendant's motion to dismiss be, and the same hereby is, GRANTED; and it is further

ORDERED that the plaintiff's complaint be, and the same hereby is, DISMISSED.