**SHAPIRO, LIFSCHITZ & SCHRAM, P.C., Plaintiff,**

v.

**R.E. HAZARD, JR., a California Limited Partnership, et al., Defendants.**

**R.E. Hazard, Jr., a California Limited Partnership, et al., Counter–Plaintiffs,**

v.

**Shapiro, Lifschitz & Schram, P.C., Counter–Defendant.**

**No. CIV.A. 96–1079 SSH.**

United States District Court, District of Columbia.

March 17, 2000.

---

8.  *See supra* note 1.

9

David Cohen, Scott L. Nelson, Hugh P. Quinn, Miller, Cassidy, Larroca & Lewin, Washington, DC, for Plaintiff/Counter–Defendant.

Pamela J. Bethel, Barbara E. Nicastro, Bethel & Nicastro, Washington, DC, for Defendants/Counter–Plaintiffs.

## *OPINION*

STANLEY S. HARRIS, District Judge.

Before the Court are (1) plaintiff's motion for summary judgment on all counterclaims, (2) defendants' motion to extend time in which the parties may serve expert reports, (3) defendants' motion for leave to file a discovery request out-of-time, and (4) defendants' motion to extend the time in which defendants may oppose plaintiff's motion for summary judgment on all counterclaims.[1] The Court also considers plaintiff's opposition to defendants' three motions and defendants' reply thereto. Upon consideration of these motions, the Court grants plaintiff's motion for summary judgment and denies defendants' three motions. Because the Court grants

---

1. For brevity's sake, the Court will continue to refer to plaintiff and defendants by those terms when discussing the counterclaims, rather than counter-defendant and counter-plaintiffs respectively.

plaintiff's motion for summary judgment on all counterclaims, the Court finds that plaintiff's previously filed motion to dismiss the fourth counterclaim is moot. "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56." Fed.R.Civ.P. 52(a); *Summers v. Department of Justice,* 140 F.3d 1077, 1079–80 (D.C.Cir.1998). Nonetheless, the Court sets forth its reasoning.

### I. Background

After the Court dismissed several of defendants' original counterclaims, defendants filed eight amended counterclaims on October 23, 1998. On February 23, 1999, the Court issued a Scheduling Order, requiring the party with the burden of proof on a claim or counterclaim to serve its expert report, if any, on the opposing party by April 12, 1999.[2] Defendants carried the burden of proof on their counterclaims. They did not, however, serve an expert report by the Court's deadline. Notably, they also did not file any motions for extension of time. Plaintiff consequently did not file a responsive expert report, although it had already contacted an expert in anticipation of filing a report.

On May 3, 1999, plaintiff filed a motion for summary judgment on all counterclaims, arguing that in order to establish a prima facie case of legal malpractice, a party must present expert testimony establishing the standard of care by which the attorney can be measured. *See e.g., Smith v. Haden,* 872 F.Supp. 1040, 1044 (D.D.C.1994). Plaintiff asserts that, without expert testimony, defendants cannot establish a prima facie case, and therefore, could not prevail on their counterclaims as a matter of law. On May 14, 1999, instead of filing an opposition to plaintiff's motion, defendants filed the three motions currently before the Court.

### II. Defendants' Motions[3]

Defendants state that they obtained documents and billing records from plaintiff in discovery during a California state court action brought by plaintiff before refiling the suit in this Court. Defendants assert that these documents form the basis for their counterclaims. However, defendants' counsel cite several difficulties now in locating these documents. First, frequent changes in defendants' California counsel have made it impossible to locate the documents readily. Furthermore, defendants, who are located in California, have limited resources to fund cross-country litigation and also run their businesses. Defendants now request leave to reopen the period for fact discovery, which closed on February 12, 1999, in order to make another discovery request for their misplaced documents. Furthermore, defendants request an extension of time to submit the expert reports, over a month after the deadline has passed, as well as an extension of time to oppose plaintiff's motion for summary judgment on the counterclaims.

The fact that defendants' counsel have misplaced the documents which they previously requested from plaintiff is insufficient reason to delay this case further or impose upon plaintiff. Defendants give no reason for failing to file a timely motion for extension of time when the expert reports were due.[4] Furthermore, the Court

---

2. Responsive expert reports were to be filed by April 26, 1999, and expert depositions were to be completed by May 10, 1999. Any dispositive motions were to be filed by June 4, 1999.

3. The Court notes that each of defendants' three motions was signed only by attorney-of-record Steven Bergeron. The Court admitted Mr. Bergeron *pro hac vice,* because he is not a member of the bar of this Court. Local Civil Rule 83.2(c) states that "[a]ll papers submit-

ted by non-members of the bar of this Court must be signed by such counsel and by a member of the bar of this Court joined in compliance with this rule." The Court cautions defendants' counsel to ensure compliance with the Local Rules of this Court in the future.

4. The Court notes that this is not the first time that defendants have not met the Court's deadlines. Magistrate Judge Kay ordered defendants to produce discovery documents the

will not exercise its discretion to grant an extension of time to oppose plaintiff's motion for summary judgment, because, as discussed below, the Court can discern no viable way for defendants to prevail on their counterclaims under the applicable law. Any unfortunate results from the inability of defendants' counsel (including their counsel in California) to maintain discovery materials or file timely motions for extensions of time arise from their own voluntary choice of attorneys. *See Link v. Wabash Railroad Co.,* 370 U.S. 626, 633–4, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). The Court finds no good cause to grant any of defendants' motions.

## III. Plaintiff's Motion for Summary Judgment on All Counterclaims

Summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In considering a summary judgment motion, all evidence and the inferences to be drawn from it must be considered in a light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Summary judgment cannot be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

Defendants assert eight amended counterclaims: four claims alleging professional negligence, three claims alleging breach of fiduciary duty, and one claim alleging breach of contract. All of the claims rely on plaintiff's alleged failure to exercise reasonable care, prudence, and diligence in

undertaking to perform and performing legal services by:

(1) allegedly assigning two attorneys to take depositions where only one attorney was necessary, charging for time when plaintiff was performing services for other clients, and charging for time when plaintiff was engaged in social or other activity unrelated to defendants' legal matters;

(2) allegedly charging fees and costs in excess of the expected potential recovery for defendants in the *School District* litigation (which gave rise to the payment dispute at issue in this case) so as to force defendants into settling the case;

(3) allegedly unreasonably threatening to withhold legal representation several days before a mediation proceeding until defendants paid plaintiff for past legal services, thereby placing plaintiff's pecuniary interest before defendants' interest in mediation; and

(4) allegedly failing to include in the settlement in the *School District* litigation a term requiring the School District to pay a claim against plaintiff lodged by a subcontractor on that project.

■■■ In dismissing several of defendants' original counterclaims, the Court previously set out the standard for professional negligence and breach of duty of care, which are similar. *See Shapiro, Lifschitz & Schram, P.C. v. R.E. Hazard Jr.,* 24 F.Supp.2d 66, 75 (D.D.C.1998). Essentially, defendants must show (a) that plaintiff had a duty to use skill, prudence, and diligence as other members of the legal profession commonly possess and exercise, (b) that plaintiff breached that duty, and (c) that defendants suffered injury that was proximately caused by the breach. *Id.* Since defendants' breach of contract counterclaim is essentially a restatement of their professional negligence and breach of fiduciary duty claims stated in a con-

---

day before the Court's February 12, 1999, evidentiary hearing on personal jurisdiction, after a last-minute refusal to meet the agreed-upon deadline. Even then, defendants did

not produce the documents until the hearing had begun, and still other documents were not produced until February 16, 1999.

tract context, defendants must similarly demonstrate that plaintiff breached a duty of care in order to prevail. *See O'Neil v. Bergan*, 452 A.2d 337, 342 (D.C.1982) ("Whether a complaint is based on tort or breach of contract, . . . 'the liability of an attorney for failure to properly perform his duties is governed by the [same] general standard of care . . . .' ").

■ The critical issue is whether defendants can prove that plaintiff breached a duty of care. The Court finds that, as a matter of law, defendants cannot. In the District of Columbia, it is well established that the plaintiff must present expert testimony to establish the standard of care by which the attorney's conduct is measured. *E.g., Smith*, 872 F.Supp. at 1044. The requirement to produce an expert is excused "only where the attorney's lack of care and skill is so obvious that the trier of fact can find negligence as a matter of common knowledge." *Williams v. Callaghan*, 938 F.Supp. 46, 50 (D.D.C.1996) (quoting *Smith*, 872 F.Supp. at 1044).

■ Because defendants did not produce a timely expert report, and because the Court declines to grant defendants a extension of time to produce the expert report, defendants cannot meet this expert testimony requirement. Furthermore, almost all of defendants' counterclaims do not fall within the "common knowledge" exception. That exception applies, for example, in situations where the an attorney allows a statute of limitation to run. *O'Neil*, 452 A.2d at 342. *See Applegate v. Dobrovir, Oakes & Gebhardt*, 628 F.Supp. 378, 382 (D.D.C.1985) (expert testimony is required where "the malpractice issue was not cognizable by layman judging on the basis of common knowledge and common sense"). The Court finds the exception inapplicable to nearly all of defendants' counterclaims because, for example, a layman is not likely to know whether one or two attorneys are required to conduct a deposition, whether the refusal to perform further legal services is unreasonable if past legal services have gone unpaid, or

what fees and costs an attorney may properly and reasonably charge. An expert would be required to testify, and defendants have not submitted timely an expert report.

■ The only allegations which the Court finds could possibly fall within the "common knowledge" exception are the allegations that plaintiff billed defendants for time during which they were not performing services for defendants, and that plaintiff billed defendants for time spent during social or other activities unrelated to defendants' legal matters. However, the Court finds it difficult to believe that defendants could prevail on these claims for lack of factual support; defendants have stated that they could not locate the billing records upon which their counterclaims are based, and the Court is denying them leave to reopen discovery to obtain the billing records. Furthermore, because defendants did not file a timely opposition to plaintiff's summary judgment motion, but instead filed a motion for extension of time which the Court is denying for lack of good cause, the Court sees no evidence upon which a reasonable jury could return a verdict for defendants. Accordingly, the Court grants plaintiff summary judgment as to all counterclaims.

## IV. Conclusion

For all the foregoing reasons, the Court grants plaintiff's motion for summary judgment on all counterclaims and denies defendants' three motions for extensions of time. Plaintiff's motion to dismiss the fourth counterclaim is therefore denied as moot. An appropriate Order accompanies this Opinion.

### ORDER

For the reasons stated in the accompanying Opinion, it hereby is

ORDERED, that plaintiff's motion for summary judgment on all counterclaims is granted. It hereby further is

ORDERED, that judgment is entered in plaintiff's favor on all counterclaims. It hereby further is

ORDERED, that defendants' motion to extend time in which the parties may serve expert reports is denied. It hereby further is

ORDERED, that defendants' motion for leave to file a discovery request out-of-time is denied. It hereby further is

ORDERED, that defendants' motion to extend time in which defendants may oppose plaintiff's motion for summary judgment on all counterclaims is denied. It hereby further is

ORDERED, that plaintiff's motion to dismiss fourth counterclaim is denied as moot.

SO ORDERED.