**Maxine M. MOUNT et al., Plaintiffs,**

v.

**Alan I. BARON et al., Defendants.**

**Civil Action No. 00–0463.**

United States District Court,
District of Columbia.

July 16, 2001.

Maxine M. Mount, Houston, TX, pro se.

Jeffrey D. Robinson, Melissa McNiven, Baach Robinson & Lewis, Thomas M. Buchanan, Lanelle K. Polen, Winston & Strawn, Washington, DC, for defendants.

## MEMORANDUM OPINION

URBINA, District Judge.

### GRANTING THE DEFENDANTS' MOTIONS TO DISMISS

## I. INTRODUCTION

This matter comes before the court on the defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Maxine Mount and Building Services Unlimited, Inc. ("BSUI") (collectively, "the plaintiffs"), bring this *pro se* suit for legal malpractice against Howrey & Simon and Howrey Simon Arnold & White, LLP ("Howrey" or "Howrey & Simon"), Alan I. Baron, Esq., and Foley, Hoag & Elliot, LLP ("Foley, Hoag") (collectively, "the defendants"). Specifically, the plaintiffs allege that the defendants dropped and failed to re-add Spriggs & Hollingsworth and other unnamed "culpable" law firms to an earlier case in which Maxine Mount sued a lawyer for malpractice, *Mount v. Riley*, Dkt. No. 94cv1680 (HHG) (D.D.C.). The plaintiffs also allege that the defendants committed malpractice by dropping and not re-adding certain un-

specified counts in the second amended complaint. The defendants move to dismiss for a number of reasons. The court will grant the defendants' motions to dismiss because the complaint fails to state a claim on which relief can be granted.

## II. BACKGROUND [1]

In 1976, Maxine Mount founded Building Services Unlimited, Inc., in Cincinnati, Ohio. *See* Ex. C in Def. Howrey's Mot. to Dis. Pls.' Compl. ("Howrey's Mot. to Dis.") (*Mount v. Riley* Compl. ¶¶ 6–11, 32–50). The company's mission was to pursue commercial building-maintenance contracts. Over the years, BSUI grew and Ms. Mount sought larger contracts. During this process, Ms. Mount hired Dennis Riley, an attorney specializing in government contracts. Mr. Riley provided periodic legal assistance to BSUI in its efforts to secure government contracts. In addition to these services, Mr. Riley represented BSUI and Ms. Mount in several lawsuits in which BSUI and Ms. Mount had been named as defendants.

In June 1994, Ms. Mount sued Mr. Riley in D.C. Superior Court, alleging legal malpractice by Mr. Riley and his various law firms dating back to 1986. The defendants removed the case to federal court in August 1994. *See* Howrey's Mot. to Dis. at 2. Barry Coburn, Esq., initially represented the plaintiffs in *Mount v. Riley*, but he withdrew from the case in late 1994 after Jonathan Feld and Alan Baron of Howrey & Simon took over the case. Mr. Feld left Howrey & Simon in February 1995, but

---

1. On a motion to dismiss, the court must accept the plaintiffs' well-pleaded factual allegations as true, excluding those that are overbroad and unsupported by specific factual averments. *See Pitney Bowes v. United States Postal Serv.*, 27 F.Supp.2d 15, 19 (D.D.C. 1998) (Urbina, J.). In this case, though, because the complaint includes only scant back-ground facts, the court will use the facts as presented by the defendants. In reaching its decision, however, the court will not rely on the defendants' version of the facts. To help describe the background facts, the court also draws from Exhibit C to defendant Howrey's motion to dismiss, which contains the plaintiffs' complaint from *Mount v. Riley*.

did not withdraw from the case until January 1997. *See id.*

Meanwhile, in June 1996, Mr. Baron left Howrey & Simon to join Foley, Hoag & Elict, LLP ("Foley, Hoag") and took the *Mount* case with him. Mr. Baron and Foley, Hoag, his new firm, withdrew from the case in February 1997. *See id* at 3. Thereafter, the plaintiffs hired Robert Ackerman to represent BSUI and Raighne Delaney, Richard Murray, and Jacob Pompan to represent Ms. Mount. A year later, in October 1998, the plaintiffs fired these counsel and rehired Barry Coburn. *See id.*

The first trial in *Mount v. Riley* ended with a hung jury in February 2000. *See* Howrey's Mot. to Dis. at 3. At the second trial in October 2000, the jury found the defendants not liable on two counts, and liable on a third count.[2] *See id.* The jury, however, did not award the plaintiffs any damages on the third count. Currently, there are motions pending on that verdict. *See id.*

On March 6, 2000, the plaintiffs, through Barry Coburn, filed this lawsuit alleging legal malpractice based on the defendants' negligence. *See* Howrey's Mot. to Dis. at 3. The complaint was filed after the first trial in *Mount v. Riley* ended, but before the second trial started. *See id.* In the complaint, the plaintiffs name Alan I. Baron, and the law firms Howrey & Simon and Foley, Hoag as the defendants. *See* Compl. ¶ 2. The current complaint charges that the defendants committed malpractice in the second amended complaint filed by the defendants in October 1994 in *Mount v. Riley.* Specifically, the plaintiffs allege legal malpractice based on the defendants' dropping and not re-adding Spriggs &

Hollingsworth and other unnamed law firms. The plaintiffs also claim malpractice based on the dropping and not re-adding "a variety of counts" in the second amended complaint. *See* Compl. ¶¶ 7, 10.

On January 8, 2001, the plaintiffs faxed to Chambers a motion for leave to amend the complaint to add additional defendants, but failed to file the motion with the court clerk's office. *See* Facsimile from Maxine M. Mount, plaintiff, to Judge Urbina's Chambers (Jan. 8, 2001). Nevertheless, Ms. Mount told defendant Howrey of her fax and, as a result, defendant Howrey submitted an opposition to the plaintiffs' motion to amend. *See* Howrey's Opp'n to Mot. to Am. ("Howrey's Opp'n"). On January 8, 2001, the plaintiffs' attorney, Mr. Coburn, withdrew from this case after he was fired.[3] Thus, Ms. Mount is now *pro se. See* Howrey's Mot. to Dis. at 3.

On February 14, 2001, defendant Foley, Hoag filed a motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim on which relief can be granted. *See* Foley, Hoag's Mot. to Dis. at 1. In addition, defendant Howrey filed a motion to dismiss on the grounds that: (1) the claims are barred by the statute of limitations; (2) the complaint fails to state a claim on which relief can be granted; and (3) the court lacks subject-matter jurisdiction. *See* Howrey's Mot. to Dis. at 1. On March 20, 2001, the plaintiffs responded to the above motions by submitting what may be construed as the second amended complaint. This pleading contains five counts against the defendants: (1) breach of contract; (2) breach of confidentiality; (3) negligence; (4) "standard of care and emotional distress"; and (5) legal malpractice. *See* Pls.' Answer to Mot. to

---

2. The court notes that defendant Howrey's motion to dismiss does not specify what the three counts were.

3. The parties did not indicate when Mr. Coburn was fired.

Dis. ("Pls.' Answer"). Both defendants replied to this proposed second amended complaint. *See* Foley, Hoag's Reply and Howrey's Reply.

Because the plaintiffs have failed to state a claim on which relief can be granted, the court will grant the defendants' motions to dismiss.

## III. ANALYSIS

### A. Legal Standard for Motion to Dismiss

For a complaint to survive a Rule 12(b)(6) motion to dismiss, it need only provide a short and plain statement of the claim and the grounds on which it rests. *See* FED. R. CIV. P. 8(a)(2); *see also Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss under Rule 12(b)(6) tests not whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim. *See* FED. R. CIV. P. 12(b)(6); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Thus, the court may dismiss a complaint for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *See Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Atchinson v. D.C.*, 73 F.3d 418, 422 (D.C.Cir.1996). In deciding such a motion, the court must accept as true all well-pleaded allegations of fact, excluding those that are overbroad and unsupported by specific factual averments. *See Pitney Bowes v. United States Postal Serv.*, 27 F.Supp.2d 15, 19 (D.D.C.1998). Moreover, the court should draw all reasonable inferences in the nonmovant's favor. *See Judicial Watch, Inc. v. Clinton*, 880 F.Supp. 1, 7 (D.D.C.1995).

### B. The Court Will Not Allow the Plaintiffs to Amend the Complaint

Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...." Once a responsive pleading is filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *See* FED. R. CIV. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Kundrat v. D.C.*, 106 F.Supp.2d 1, 4 (D.D.C.2000) (Urbina, J.).

Generally, the court should freely grant leave to amend. *See Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C.Cir.1996). Indeed, it is an abuse of discretion to deny leave to amend unless there is a sufficiently compelling reason, such as "undue delay, bad faith or dilatory motive...repeated failure to cure deficiencies by [previous] amendments...[or] futility of amendment." *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir. 1996) (citations omitted); *see also Kas v. Financial Gen. Bankshares, Inc.*, 105 F.R.D. 453, 457–59 (D.D.C.1984). The court will deem an amendment futile if the claim would not survive a motion to dismiss. *See Moldea v. New York Times*, 22 F.3d 310, 319 (D.C.Cir.1994); *see also James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C.Cir.1996); *Price v. Phoenix Home Life Ins. Co.*, 44 F.Supp.2d 28, 32–33 (D.D.C.) (Urbina, J.) (denying leave to amend because proposed amendments would not cure lack of subject-matter jurisdiction), *aff'd*, 203 F.3d 53 (D.C.Cir.1999) (table, text in Westlaw).

The plaintiffs seek to amend the complaint in various ways. In the pro-

posed first amended complaint, the plaintiffs seek to include additional defendants. *See* Facsimile from Maxine M. Mount, plaintiff, to Judge Urbina's Chambers (Jan. 8, 2001). In the proposed second amended complaint, the plaintiffs seek to add various counts, including (1) breach of contract; (2) breach of confidentiality; (3) negligence; (4) "standard of care and emotional distress"; and (5) legal malpractice. *See* Pls.' Answer. Both defendants opposed this motion for leave to file a second amended complaint. *See* Foley, Hoag's Reply and Howrey's Reply.

 The court determines that the addition of new defendants and claims would be futile. The amendments offered by the plaintiffs would fail to survive the defendants' motions to dismiss. Specifically, the plaintiffs fail to allege any facts showing proximate causation. This necessary connection between the alleged breach of duty and the alleged harm suffered by the plaintiffs is an essential element in a claim for legal malpractice in the District of Columbia. *See Shapiro, Lifschitz & Schram v. R.E. Hazard, Jr.,* 24 F.Supp.2d 66, 75 (D.D.C.1998). Because the plaintiffs' proposed amendment of their complaint would be futile, the court will deny the plaintiffs' motions to amend.

## C. Legal Standard for Legal Malpractice

 To state a claim for professional malpractice, clients "must allege facts which establish: (1) that [the attorney] had a duty to use such skill, prudence and diligence as other members of this profession commonly possess and exercise, (2) a breach of that duty, (3) a proximate causal connection between the negligent conduct and the resulting injury, and (4) actual loss

---

4. The court agrees with the defendants that District of Columbia tort law should apply.

---

or damage resulting from [the attorney's] negligence." *See id.* at 75; *see also Smith v.. Haden,* 872 F.Supp. 1040, 1044 (D.D.C. 1994). The test of the sufficiency of the claim in such a suit is whether its allegations, if proven, would state an actionable dispute. *See Macktal v. Garde,* 111 F.Supp.2d 18, 21 (D.D.C.2000) (citation omitted).[4]

## D. The Plaintiff Has Failed to State a Claim on which Relief Can Be Granted

The defendants move to dismiss for the following reasons: (1) the claims are barred by the statute of limitations; (2) under Federal Rule of Civil Procedure 12(b)(6), the complaint fails to state a claim on which relief can be granted; and (3) under Federal Rule Civil Procedure 12(b)(1), this court lacks subject-matter jurisdiction. Because the court rules that the complaint fails to state a claim under Rule 12(b)(6), the court need not address the statute-of-limitations argument. For the sake of this analysis, the court will assume *arguendo* that it has subject-matter jurisdiction.

 Federal Rule of Civil Procedure 12(b)(6) states that a claim may be dismissed if it fails to allege sufficient facts to support a cognizable legal claim. *See* FED. R. CIV. P. 12(b)(6). In legal malpractice cases, this court has held that:

> [A] plaintiff in a malpractice suit... must demonstrate that the defendant's actions caused a legally cognizable injury. *Becker v. Colonial Parking, Inc.,* 409 F.2d 1130, 1136–1137 (D.C.Cir.1969). The plaintiff must show, *inter alia,* that his attorney's 'negligence resulted in and was the proximate cause of the loss to

---

The plaintiffs are silent on this issue.

the client.' *Niosi v. Aiello*, 69 A.2d 57, 60 (D.C.Mun.App.1949). Thus an attorney is not liable for malpractice if his client has suffered no damages.

In the instant case the plaintiff essentially alleges only vague and general failures of the defendant to locate and interview witnesses who would have 'render[ed] suitable support for a defense.' Plaintiff fails to identify what these witnesses would have testified to and how they would have supported a defense, which would have resulted in his acquittal. Accordingly, this Court rules that the plaintiff has failed to assert a legally cognizable harm which is an essential element of his claim and his complaint must be dismissed.

*Bigelow v. Knight*, 737 F.Supp. 669, 671 (D.D.C.1990).

█ In this case, the plaintiffs' core argument is that the defendants committed legal malpractice "when they dropped certain defendants (such as but not limited to the law firm Spriggs & Hollingsworth) at the time they filed the second amended complaint, or when they failed to seek leave to add the firms they had dropped and other culpable law firm defendants subsequent to the filing of the second amended complaint." *See* Compl. ¶ 7. In addition, the plaintiffs also allege malpractice based on dropping and not re-adding "a variety of counts" in the second amended complaint. *See* Compl. ¶ 10.

These allegations do not meet the Rule 12(b)(6) standard for pleading sufficient facts to state a claim of legal malpractice on which relief can be granted. Although the Federal Rules of Civil Procedure call for notice pleading and do not require a claimant to set out in detail the facts on which she bases her claim, the Rules do require a "short and plain statement of the claim" that will give the defendant fair notice of the nature of the plaintiff's claim

and the grounds on which it rests. *See* FED. R. CIV. P. 8(a)(2); *Conley*, 355 U.S. at 47, 78 S.Ct. 99. In this case, the plaintiffs have not given the defendants the requisite fair notice.

To state a claim for professional malpractice, the plaintiffs must allege that: (1) the law firms Howrey & Simon and Foley, Hoag had a duty to Ms. Mount and to BSUI; (2) they breached this duty; (3) there is proximate cause between the negligent conduct and the resulting injury; and (4) actual loss or damages resulted from the defendants' negligence. For the sake of analysis, the court will assume *arguendo* that the plaintiffs have successfully alleged a duty and a breach. The plaintiffs must then allege that these actions were the proximate cause of any injury the plaintiffs suffered. *See Macktal*, 111 F.Supp.2d at 21.

Quite simply, the plaintiffs have failed to make these necessary allegations. The plaintiffs have pled no facts that, if proven true, would demonstrate the causal connection between the jury's verdict and the failure to keep or re-add defendants and claims at the time of the filing of the second amended complaint. *See Macktal*, 111 F.Supp.2d at 21. In this case, the plaintiffs allege only "vague and general failures" of the defendants to drop and not re-add firms and claims in the second amended complaint. *See Bigelow*, 737 F.Supp. at 671. Accordingly, the plaintiffs have not identified how these additional defendants and claims would have resulted in a verdict more favorable to the plaintiffs.

The defendants contend that the complaint never specifies the causal connection between the failure to keep certain defendants (and claims) in the case and the jury's verdict. Moreover, the defendants argue that there is no basis to conclude from the complaint that the jury's verdict

would have been any different had other law firms (and claims) been included. *See* Howrey's Mot. to Dis. at 8. The court agrees, and holds that the plaintiffs failed to provide sufficient facts that would support their allegations that the defendants' negligent conduct would have changed the plaintiffs' ability "to recover sufficient damages from the remaining defendants." *See* Compl. ¶ 7. In other words, the plaintiffs have failed to allege any facts showing that but for the defendants' negligence, there would have been a different verdict.

Because the plaintiffs are proceeding *pro se*, this court construes the pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991). A broad reading of the complaint, however, does not relieve the plaintiffs of the burden of alleging sufficient facts on which a recognized legal claim could be based. *See id.* Although an attorney drafted the first complaint in this case, the *pro se* plaintiffs have filed various motions, including several motions to amend the complaint. Even if the court were to accept the plaintiffs' motions to amend the complaint and view all the allegations in the light most favorable to the plaintiffs, the court would still dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The allegations contained in the proposed amended complaints stem from the same claim of legal malpractice based on negligence. And crucially, the proposed second amended complaint also fails to allege any connection between the alleged legal malpractice and the plaintiffs' alleged injury.

█ Finally, the court concludes that the complaint fails to provide a "short and plain statement" of the claim showing that the pleader is entitled to relief. *See* FED. R. CIV. P. 8(a)(2). Thus, the complaint fails to give the defendants any notice as to what the claims against them are and, therefore, does not satisfy even the liberal pleading standard laid out in Federal Rule of Civil Procedure 8 and *Conley v. Gibson.*

Because the plaintiffs have failed to state a claim on which relief can be granted, the court will grant the defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## IV. CONCLUSION

For all these reasons, the court grants the defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). An order directing the parties in a manner consistent with this Memorandum Opinion is separately and contemporaneously executed and issued this 16th day of July, 2001.